Filed 2/26/13  P. v. Vorabduth CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061714 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE309645) |
| JAN VORABDUTH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed in part and reversed in part with directions.

A jury found Jan Vorabduth guilty of two counts of residential burglary (Pen. Code, §§ 459, 460;[1] counts 1 and 4) with another person, other than an accomplice, present in the residence during the burglary in count 1 (§ 667.5, subd. (c)(21)), and three counts of receiving stolen property (§ 496, subd. (a); counts 6, 7 and 8).  The court sentenced Vorabduth to six years in prison:  the four-year middle term on count 1, one

_____

[1]     All further statutory references are to the Penal Code.

year four months (one-third the middle term) on count 4, eight months (one-third the middle term) on count 6 and concurrent two-year middle terms on counts 7 and 8. Vorabduth appeals, contending her convictions on two of the counts of receiving stolen property must be reversed because there was no evidence she received stolen property on more than one occasion, and the $200 court operations assessment therefore must be reduced to $120 (§ 1465.8). We agree with both contentions.

## THE BURGLARIES IN COUNTS 1 AND 4

The burglary in count 1 took place on the afternoon of February 17, 2011, in Bonita. The burglary in count 4 took place on the morning of March 11, in Spring Valley. The homeowners were present in each case. They identified Vorabduth as the burglar and described her vehicle. During the burglary in count 1, Vorabduth was accompanied by a man.

## THE BURGLARIES IN COUNTS 2, 3 AND 5

The jury rendered not guilty verdicts on three counts of residential burglary. In count 2, Vorabduth was charged with a March 7, 2011, burglary of the Garber family home in San Diego. In count 3, she was charged with a March 10 burglary of the Marallo family home in Jamul. In count 5, she was charged with a March 14 burglary of the White family home in La Mesa. There were no witnesses to these burglaries. Later, the homeowners discovered property missing from their homes. The Garbers' missing property included a television set, silver, jewelry boxes and jewelry. The Marallos' missing property included a safe containing their passports, Social Security cards, other personal papers and commemorative coins; shoes; purses; a suitcase; a computer

2

backpack; and jewelry.  The Whites' missing property included computers, cameras and jewelry.

## RECEIVING STOLEN PROPERTY

Based on information from the Spring Valley burglary victim, a deputy sheriff identified Vorabduth as a burglary suspect.  On the night of March 19, 2011, a police officer found Vorabduth sitting in the driver's seat of a vehicle matching the descriptions given by the victims in counts 1 and 4.  The vehicle contained a large amount of clothing; shoes; bags; cosmetics; coin collections in boxes, in trash bags and duffel bags; jewelry; cameras; and other items.  Sheriff's deputies arrested Vorabduth, impounded her vehicle and delivered some of the contents to Detective William Kerr.

Through an engraving, Detective Kerr identified the Garbers as the owners of one of the pieces of jewelry.  Detective Kerr linked the burglary of the Garbers' home to the burglaries of the Marallos' and Whites' homes through a computer search for similar crimes.  Detective Kerr called the three families, and they met with him, separately, at the sheriff's station.  The Garbers identified more than 50 pieces of jewelry, including the engraved piece, as theirs.  The Marallos recovered some of the property stolen from their house, including coin collections, shoes, a camera bag, camera equipment, a GPS device and jewelry.  The Whites recovered some of their jewelry and an iPod.

## THE DEFENSE CASE

Vorabduth testified she went to the Bonita house on February 17, 2011, and the Spring Valley house on March 11, 2011, because her friend Michael had asked her to

3

pick him up at those addresses. He was going to accompany her to obtain drugs. Vorabduth denied committing any of the five burglaries.

Vorabduth next saw Michael on the night of Friday March 18, 2011. They were at a party smoking methamphetamine and drinking alcohol. He gave her two bags and told her to get whatever she could for them. She put the bags in her car. She had a feeling the contents of the bags had been stolen. As she was driving away, she looked in the bags and found electronics, coin collections, jewelry and cameras.

DISCUSSION

Vorabduth contends the amended information alleged she committed the three counts of receiving stolen property on the same date, and the record contains uncontradicted evidence she received all of the stolen property on one occasion, in a single transaction. She concludes her convictions on two of the receiving stolen property counts must be reversed as unsupported by substantial evidence.

" '[T]he legal . . . character of the act [of receiving stolen property] is [not] affected in any way by the fact that the stolen property may have belonged to several persons rather than to a single person.' " (*People v. Morelos* (2008) 168 Cal.App.4th 758, 763 (*Morelos*), quoting *People v. Smith* (1945) 26 Cal.2d 854, 859.) " '[B]ut one offense of receiving stolen property is shown, although the goods were stolen from different sources,' where the evidence shows that the defendant received two items of stolen property 'on a single occasion.' " (*Morelos,* at p. 763, quoting *People v. Lyons* (1958) 50 Cal.2d 245, 275.) Conversely, "where the receiving counts involve different property stolen from different victims at different times and where nothing in the record shows

4

[the defendants] received the property on a single occasion, 'the record reasonably supports the inference that appellant[s] received the various stolen goods at different times and in different transactions. ' " (*Morelos,* at p. 763, quoting *People v. Bullwinkle* (1980) 105 Cal.App.3d 82, 92.)

In *People v. Mitchell* (2008) 164 Cal.App.4th 442 (*Mitchell*), the defendant was convicted of four counts of receiving stolen property, including checks belonging to her employer, Billy C. (count 17), and a Discover card belonging to Billy's late wife, Barbara C. (count 21). (*Id.* at pp. 446-447, 461.) The two offenses were alleged to have occurred on or about December 20, 2004, the day the checks and the Discover card were found in a stolen Mitsubishi. (*Id.* at pp. 449, 461.) On appeal, the People conceded counts 17 and 21 were duplicative (*id.* at p. 462) and the court reversed the conviction on count 21 (*id.* at p. 463). The court stated: "[T]he mere fact the checks and credit card were withheld or concealed from the rightful owner by defendant at the same time, i.e., the day they were found in the Mitsubishi, does not preclude conviction for multiple counts of receiving stolen property. If the evidence showed those items had been received by defendant on different occasions, presumably multiple convictions would be permitted." (*Id.* at p. 462.) The court noted "there is nothing in the record to suggest the People had any evidence as to when defendant came into possession of [the property]. . . . [¶] Defendant was charged in counts 17 [and] 21 . . . in the alternative with buying, receiving, concealing, selling, withholding, or aiding in concealing or withholding property. No evidence was presented as to defendant's buying, receiving, or selling any of the property. Thus, on each count, defendant's guilt turned on when she concealed or

5

withheld the property from its owner. In her argument to the jury, the prosecutor explained these counts were based on defendant's possession of the property, i.e., her concealing or withholding the property, on the indicated day[]. . . . [¶] [T]he People were required to prove defendant concealed or withheld the property . . . at the time alleged. They satisfied that burden. They were not required to prove when defendant received the property, as that was not their theory of liability. Because the evidence showed defendant possessed both the checks of Billy C. (count 17) and the Discover card of Barbara C. (count 21) on or about December 20, 2004, she could not be convicted on both offenses." (*Id.* at p. 463.)

Here, counts 6, 7 and 8 alleged that "[o]n or about March 19, 2011," Vorabduth bought, received, concealed, sold and withheld property stolen in the burglaries charged in counts 2, 3 and 5, respectively. The prosecutor presented no evidence showing when Vorabduth received the stolen property. He tried the case on the theory that Vorabduth committed the offenses in counts 6, 7 and 8 on March 19, 2011, when the stolen property "was found in her car," that is, when she concealed and withheld it from the rightful owners. (*Mitchell*, *supra*, 164 Cal.App.4th at p. 463.)

Respondent argues the record contains substantial evidence to support a reasonable inference that Vorabduth received the stolen property at different times as part of different transactions. Respondent asserts there were five similar residential burglaries at different locations on different dates; Vorabduth was identified at the first and fourth burglaries; and she was found in possession of property stolen during the remaining three burglaries. This argument ignores the fact the jury found Vorabduth not guilty of the

6

burglaries in counts 2, 3 and 5.  While the People presented evidence those burglaries occurred, they presented no evidence tying Vorabduth to those burglaries.  (Cf. *Mitchell*, *supra*, 164 Cal.App.4th at p. 463 [Although there was "[c]ircumstantial evidence of defendant's opportunity to steal property while working for Billy C. . . . , it [was] conceivable someone else stole the property and passed it on to defendant."].)

For the foregoing reasons, we reverse the convictions on counts 7 and 8.  The court operations assessment ($40 for each conviction) therefore must be reduced from $200 to $120.  (§ 1465.8, subd. (a).)

## DISPOSITION

The judgment is reversed as to counts 7 and 8.  The $200 court operations assessment (§ 1465.8) is reduced to $120.  In all other respects, the judgment is affirmed. The trial court is directed to correct the abstract of judgment accordingly and to forward the corrected abstract to the Department of Corrections and Rehabilitation.

BENKE, Acting P. J.

WE CONCUR:

McINTYRE, J.

AARON, J.

7