Filed 7/28/15  P. v. Bennett CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID BENNETT,<br><br>    Defendant and Appellant. | H042325<br>(Santa Clara County<br> Super. Ct. No. C1103796) |

### STATEMENT OF THE CASE

An information, filed on July 8, 2013, charged defendant David Bennett with three counts of second degree burglary (Pen. Code, §§ 459/460, subd. (b)[1]; counts 1-3) and one count of use of a stolen access card (§§ 484g, subd. (a)/488; count 4).  The information alleged that defendant had one prior strike conviction (§§ 667, subds. (b)-(i)/1170.12) and had served two prior prison terms (§ 667.5, subd. (b)).

Defendant waived his right to a jury trial and elected a bench trial.  On July 11, 2013, the trial court found defendant guilty on all counts and found the prior strike allegation and prior prison term allegations to be true.  On November 4, 2013, the trial court sentenced defendant to a total prison term of four years, calculated as follows: a 16-month term for the burglary in count 1, a consecutive 16-month term for the

---

[1] Subsequent unspecified statutory references are to the Penal Code.

burglary in count 2, a consecutive 16-month term for the burglary in count 3, and a concurrent 90-day term for use of a stolen access card.[2] The trial court struck the prior prison term allegations pursuant to section 1385.

Defendant now appeals from the judgment of conviction. On appeal, defendant contends that the trial court erred in failing to stay portions of his sentence pursuant to section 654. As set forth below, we will modify the judgment to stay the 90-day term for use of a stolen access card, and we will affirm the judgment in all other respects.

STATEMENT OF THE FACTS

Someone stole Heather Klosterman's wallet on February 23, 2011. Klosterman's debit card and credit card were inside the wallet.

On February 24, 2011, defendant used Klosterman's credit card to purchase three gift cards at a Dairy Queen restaurant in Campbell. The first gift card's value was $100, the second gift card's value was $60, and the third gift card's value was $56.

Also on February 24, 2011, defendant used Klosterman's debit card to purchase items at 420 Lifestyles, a store located in Campbell. Using Klosterman's debit card, defendant purchased clothing, T-shirts, and other "random miscellaneous merchandise." The items had a total value of over $350.

Defendant returned to 420 Lifestyles on February 25, 2011. He attempted to return T-shirts for cash. The cashier informed defendant that the store would not give a cash reimbursement. Defendant left the store with the T-shirts.

Klosterman testified that she did not give defendant permission to use her debit card or credit card. No one had permission to use Klosterman's debit card or credit card on February 24, 2011.

---

[2] The sentence in this case was consecutive to another case. The sentence represents one-third the middle term on each felony count, doubled for defendant's prior strike conviction.

DISCUSSION

Defendant first asserts that the trial court erred in failing to stay the sentence on count 4—use of a stolen access card on February 24, 2011—pursuant to section 654. Defendant next asserts that the trial court erred in failing to stay the sentence on count 3—burglary of 420 Lifestyles on February 25, 2011—pursuant to section 654. As explained below, we conclude that the trial court erred in failing to stay the sentence on count 4, and we find no error in the sentence for count 3.

### *Legal Principles and the Standard of Review*

Section 654 provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "The statute is intended to ensure that defendant receives punishment 'commensurate with his culpability.' " (*People v. McCoy* (1992) 9 Cal.App.4th 1578, 1584.)

"Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591 (*Deloza*).) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208, italics in original.)

"When confronted with offenses within the purview of section 654, the proper procedure is to stay execution of sentence on all but one of the offenses subject to this section." (*People v. Pena* (1992) 7 Cal.App.4th 1294, 1312, italics omitted.) "Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences." (*Deloza, supra,* 18 Cal.4th at p. 592.)

A defendant's failure to make a section 654 objection in the trial court "does not forfeit the issue on appeal." (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338.) If the trial court makes no express findings on the issue, as happened here, "a finding that the crimes were divisible is implicit in the judgment and must be upheld if supported by substantial evidence." (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717.)

***The Sentence on Count 4 Must be Stayed***

Defendant contends that the trial court erred in failing to stay the sentence on count 4 because "use of the access card (count 4) is indivisible from the February 24, 2011 burglaries at 420 Lifestyles and Dairy Queen (counts 1 and 2) which involved purchases made with the same access card." We agree that the trial court erred in failing to stay the sentence on count 4 pursuant to section 654.

Burglary consists of entry into a building "with intent to commit grand or petit larceny or any felony." (§ 459.) Thus, "[w]hen a defendant is convicted of burglary and the intended felony underlying the burglary, section 654 prohibits punishment for both crimes." (*People v. Islas* (2012) 210 Cal.App.4th 116, 130; see also *People v. Centers* (1999) 73 Cal.App.4th 84, 98.) A defendant may be convicted of "both burglary and theft occurring during the burglary . . . so long as there is not multiple punishment." (*People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458.)

In count 1, defendant was convicted of burglary of 420 Lifestyles on February 24, 2011. In count 2, defendant was convicted of burglary of Dairy Queen on February 24, 2011. The information specified that defendant entered 420 Lifestyles and Dairy Queen with the intent to commit theft. In count 4, defendant was convicted of use of a stolen access card on February 24, 2011. A person convicted of use of a stolen access card "is guilty of theft." (§ 484g.)

In convicting defendant of burglary in counts 1 and 2, the trial court determined that defendant entered 420 Lifestyles and Dairy Queen with the intent to commit theft.

4

The thefts defendant committed inside 420 Lifestyles and Dairy Queen were by means of use of the stolen access card. It is thus apparent that defendant had the same objective in committing burglary and in using the stolen access card, and the use of the stolen access card was indivisible from the burglaries. The trial court therefore erred in imposing a concurrent sentence on count 4, and we will order the judgment modified to stay the sentence on count 4 pursuant to section 654.

***There is No Error in the Sentence for Count 3***

Defendant contends that the trial court erred in failing to stay the sentence on count 3 because "the burglaries of 420 Lifestyles (counts 1 and 3) involved the same merchandise and were part of a single course of conduct involving one objective." Defendant asserts that the "single objective" of the two burglaries was "to steal from 420 Lifestyles." Defendant's argument is unpersuasive.

The evidence shows that defendant had two separate objectives in committing the burglaries at 420 Lifestyles: to unlawfully acquire merchandise from 420 Lifestyles and to defraud money from 420 Lifestyles. During the burglary charged in count 1, defendant entered 420 Lifestyles on February 24, 2011 and purchased an assortment of items with Klosterman's debit card. The owner of 420 Lifestyles testified that defendant used Klosterman's debit card to purchase clothing, T-shirts, and other "random miscellaneous merchandise." When asked to describe some of the miscellaneous merchandise, the owner testified that defendant purchased "[p]rotection bags." During the burglary charged in count 3, defendant entered 420 Lifestyles on February 25, 2011 and attempted to return T-shirts for a cash refund. Defendant did not attempt to return all of the merchandise he acquired on February 24, 2011. Given the foregoing evidence, it is apparent that defendant intended to defraud money from 420 Lifestyles by returning some of the stolen merchandise and intended to maintain unlawful possession of the

5

remaining stolen items.  Because the evidence shows that defendant harbored dual objectives, the trial court was not required to stay the sentence on count 3.

We note that defendant's characterization of the objective of counts 1 and 3—to steal from 420 Lifestyles—is overly broad.  "The 'intent and objective' test is a rigorous one . . . since 'a "broad and amorphous" view of the single "intent" or "objective" needed to trigger [section 654] would impermissibly "reward the defendant who has the greater criminal ambition with a lesser punishment." ' " (*People v. Morelos* (2008) 168 Cal.App.4th 758, 769.)  We will not adopt defendant's impermissibly broad characterization of his crimes.

### DISPOSITION

The judgment is modified to stay the sentence on count 4 (use of a stolen access card) pursuant to section 654.  As so modified, the judgment is affirmed.

6

_____

RUSHING, P. J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

*People v. Bennett*
**H042325**

7