[Crim. No. 4536.   Second Dist., Div. Three.   Nov. 28, 1950.]

THE PEOPLE, Respondent, v. MAX J. GUTKOWSKY, Appellant.

Bertram H. Ross for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In an information defendant was charged with robbery; and it was alleged therein that he had been convicted three times of felonies and had served terms of imprisonment therefor in state prisons. In another information he was charged with forgery in two counts; and the same prior convictions were alleged therein. The cases were consolidated for trial, and a jury trial was waived. He was convicted on all said charges, and the allegations regarding prior convictions were found to be true. It was also found that the robbery was of the second degree, and that defendant was not an habitual criminal. He appeals from the judgments, the findings as to prior convictions, and the order denying his motion for a new trial.

Regarding the conviction of robbery, appellant contends that "the property was not taken from the victim based upon either force or fear." On August 15, 1949, about 4:30 a. m., the appellant approached a hotel clerk, who was then in charge of the registration desk at the hotel, and said "This is a stick-up." The clerk replied, "Surely you are kidding.

I registered you in two hours ago.'' Appellant said, ''Well, if you don't want a bullet through your body, you better open that cash drawer.'' At that time appellant was simulating a gun under the corner of his jacket. The clerk testified that he opened the cash drawer because he saw ''the agitating finger'' of appellant ''out of the corner of his jacket'' and he thought appellant might have ''a nervous trigger finger.'' This contention of appellant has no merit.

Regarding the conviction of forgery, appellant contends that the evidence was not sufficient to support the judgments. He argues that there was no proof that the names of the purported drawers of the checks were written by him, and therefore he could not be convicted of violating section 470 of the Penal Code (which section defines forgery). He argues further that even though the evidence shows that he uttered the checks he could not be convicted of violating section 476 of the Penal Code (which relates to uttering a fictitious instrument) because the purported drawers of the checks and the bank upon which the checks were drawn were not fictitious but were in fact actual persons and an actual bank.

On August 20, 1949, appellant presented a check (referred to in count I) to Mr. Lipton, who operated a check-cashing business, and told him that ''the check was a loan from his landlord, that he borrowed from him to take care of attorney's fees on the case that he had gotten into trouble over.'' The check was for $360, was payable to ''Max Gutkowsky,'' was drawn upon the Bank of America, and purportedly was drawn by ''L. B. Williams Organization, Inc. By Pres. By L. B. Williams Secy.-Treas.'' There was a notation on the check as follows: ''For Max for lawyer.'' The appellant wrote the name ''Max J. Gutkowsky'' on the back of the check in the presence of Mr. Lipton, and Mr. Lipton paid $360 to him. L. B. Williams, a real estate broker, testified that the signature ''L. B. Williams'' appearing on the check was not his writing and that he did not authorize anyone to sign his name on that check; that the check was the type of check he used in his business during August, 1949; that he was acquainted with appellant, who rented an apartment in the rear of the building in which Mr. Williams' business office was located.

On August 20, 1949, appellant presented a check (referred to in count II) to Mr. Kauffman, who was a storekeeper, and received therefor a small quantity of hosiery and approx-

imately $200 in cash. The check was for $230, was payable to "Max J. Gutkowsky," was drawn upon the Bank of America, and purportedly was drawn by "Cal Ray Fabrics Joseph B. Baumblatt." Mr. Kauffman knew appellant, who had been "coming into the store for several months." The endorsement on the back of the check was made by appellant in the presence of Mr. Kauffman.

Joseph B. Baumblatt, the manager of Willow Fabrics Company, testified that the signature "Joseph B. Baumblatt" appearing on the check was not his writing and he did not authorize anyone to sign his name on that check; the check was a form of check used in his business when Willow Fabrics had a separate jobbing department known as Cal Ray Fabrics; that department had been "closed out" in December, 1948; the appellant, who had been employed by him as a shipping clerk, had been discharged on August 20, 1949.

Appellant was arrested on August 15, 1949, about four hours after the robbery at the hotel. He did not appear in court on the date set for the preliminary hearing upon the robbery charge. One of the arresting officers testified that thereafter, on October 26, 1949, he saw appellant at the Los Angeles airport and at that time appellant was in custody of a police officer of Salt Lake City and a representative of a bonding company; he (witness) had a conversation with appellant on October 26, 1949, wherein appellant said he had gone to New York and other cities and was arrested in Salt Lake City; the officer (witness) told him that since he had failed to appear at the preliminary hearing two charges of forgery had been filed against him; he (witness) showed the two checks to appellant and asked him about them; appellant said that Mr. Williams "had some checks laying around on a desk there where he lived," and when appellant decided to leave town he (appellant) "made out" the $360 check, wrote the signature "L. B. Williams" on it, and prevailed upon Mr. Lipton to cash it; appellant had picked up some of the "Cal Ray Fabrics" checks in the course of his employment there and he signed Mr. Baumblatt's name on the $230 check.

No useful purpose would be served in discussing in detail appellant's above-mentioned argument to the effect that he could not be convicted under the provisions of section 470 or section 476 of the Penal Code. It was said in *In re Lamey*, 85 Cal.App.2d 284, at page 288 [193 P.2d 66] : "While these two code sections duplicate one another in some respects, the gist of the offense defined in section 470, *supra*, as the title

to the section states and the language of same indicates, seems to be the 'signing' or 'forging' of the instrument, though the section also includes the uttering, publishing or passing of a false, altered, forged or counterfeited instrument. The gist of section 476, on the other hand, seems to be the passing, uttering or publishing of a fictitious instrument.'' ▇ It is clear that the checks herein were forged. It is also clear that appellant uttered them—they were payable to him and he endorsed them in the presence of, and delivered them to, the persons who cashed them. The corpus delicti was established, and appellant's admissions that he wrote the checks were admissible, of course, in evidence. The evidence was ample to prove that appellant was guilty of forgery under the provisions of said section 470. This contention of appellant regarding the convictions of forgery has no merit.

Appellant contends also that the court erred in finding that he had been convicted previously in Arizona of grand larceny, a felony. He had been charged in Arizona with grand larceny, a felony, and he pleaded guilty and served a term of imprisonment in the state prison. He had stolen a cash register and $67. According to Arizona law, the stealing of property ''of the value exceeding fifty dollars'' was grand larceny. In the present case appellant argues that the conviction in Arizona involved property of a value less than $200, and since grand theft in California is theft of property of a value exceeding $200, the conviction in Arizona cannot be the basis of a finding, in a prosecution in California, of a prior conviction of a felony. He also states that he believes ''that the philosophy of the prior statute as set forth in Section 3024 of the Penal Code'' requires that the prior conviction in another state be of the class which would be regarded as a conviction of a felony in California. That section provides in part as follows: ''The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence: . . . (c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years; . . .'' It seems that appellant's argument regarding the ''philosophy'' of section 3024 is based upon a consideration of the provisions of that section in connection with the provisions of section 668 of the Penal Code. Said section 668 provides: ''Every person who has been convicted in any

other state . . . of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed in sections 644, 666, and 667, and to the same extent as if such prior conviction had taken place in a court of this state." Section 644, referred to therein, states the circumstances under which a person may be adjudged an habitual criminal and declares the punishment for such a person. Section 666, also referred to therein, declares the punishment for a person who, having been convicted of petit theft and having served a term therefor in any penal institution, commits any crime after such conviction. Section 667, also referred to therein, declares the punishment for a person who, having been convicted of any felony in this state or elsewhere and having served a term therefor in any penal institution, commits petit theft after such conviction. It appears therefore that the reference in said section 668 to sections 644, 666, and 667, were references to sections declaring the increased punishment for a subsequent offense in California when the defendant is adjudged to be an habitual criminal (§ 644), and when petit theft is involved as the prior offense (§ 666), and when petit theft is involved as the subsequent offense (§ 667). Of course, the said sections 666 and 667, which pertain to increased punishment when petit theft is the prior conviction or is the subsequent offense, are not involved in the present case. Also, section 644, the habitual criminal statute, is not applicable here. In the present case it was not charged that appellant is an habitual criminal, but the court did find, as above stated, that he is not an habitual criminal. If there had been an adjudication herein that he is an habitual criminal, his argument, to the effect that the Arizona conviction should be of an offense which if committed in California would have been a felony, would be sound. "A prior conviction under the law of a sister state can support a California adjudication of habitual criminality only if the minimum adjudicated elements of the foreign offense meet the minimum elements (as defined by the California statute in effect on the date of the commission of the foreign crime) of a California offense which was enumerated in section 644 on the date of the commission of the primary (California) crime." (*In re Wolfson,* 30 Cal. 2d 20, 23 [180 P.2d 326].) The section 3024, above quoted in part, declares the minimum sentences and imprisonment for a person previously convicted of a felony either in this

state or elsewhere, "notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence." There is no provision in section 3024, subdivision (c), that is similar to the provision in section 668 which requires that the prior offense committed in another state be one which, "if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison." ▮ The provisions of said section 668, which pertain to an habitual criminal and which involve petit theft convictions, are not to be considered as a limitation upon the provisions of said section 3024. ▮ The evidence supports the finding of the trial court that appellant had been convicted previously in Arizona of grand larceny, a felony. It cannot be determined from the record herein whether the $67 and the value of the cash register exceeded a value of $200, but it is clear that appellant was convicted of an offense which was a felony under the law of Arizona, and he served a term therefor in the state prison. The Supreme Court of this state has indicated that, with respect to the minimum sentence provided for in section 3024, subdivision (c), there is some limitation upon an examination into a prior conviction in another state. *In re Horowitz*, 33 Cal.2d 534 [203 P.2d 513], it was said at page 545: "Petitioner complains of the determination, made at the time of his conviction in California, that in 1926 in Illinois he was convicted of four robberies, felonies, the sentences to run concurrently, and that he served a term of imprisonment therefor in the state prison. This contention is relevant because 'for a person previously convicted of a felony either in this State or elsewhere' the minimum term of imprisonment is five years (Pen. Code, sec. 3024, para. (c)). . . . Petitioner avers that he was not a felon but a juvenile delinquent because he was only 15 years of age at the time of such prior conviction. However, he was sentenced to and confined in the state prison at Joliet, Illinois. The courts of this state cannot consider his argument that he should not have been sentenced to state prison for the 1926 offenses."

▮ Appellant does not question the findings that he had been convicted previously in Iowa of larceny, a felony, and in Illinois of burglary, a felony, and that he served a term in the state prison upon each of said convictions. In the present case it was ordered that the sentence on the first count of forgery run consecutively with the robbery sentence; and that

the sentence on the second count of forgery run concurrently with the sentence on the first count of forgery. It therefore appears that, irrespective of the Arizona conviction, either one of the other prior convictions (in Iowa or Illinois) would require the minimum sentence of appellant, under section 3024, subdivision (c), to be five years on the robbery conviction herein and five years on the forgery convictions.

The findings as to the three prior convictions are supported by the evidence and are correct findings.

The three judgments herein, and the order denying appellant's motion for a new trial, are affirmed.

Shinn, P. J., and Vallée, J., concurred.