[Crim. No. 7846. Second Dist., Div. Three. Jan. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. TONY CORNELIUS McCOY, Defendant and Appellant.

Tony Cornelius McCoy, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—Tony Cornelius McCoy was accused by information in Counts I and II of the crime of forgery in violation of Penal Code section 470, and in Count III of attempted grand theft in violation of Penal Code sections 487, subdivision 2, and 664. The defendant chose to represent himself, plead not guilty, and in a jury trial was found guilty on all three counts. Probation was denied and sentence to state prison imposed. He appeals in propria persona from the judgment. It was due to the insistence of defendant that he was unrepresented by counsel in the trial. The court urged him to accept assistance of counsel and he steadfastly refused.

Defendant applied for appointment of counsel on appeal; we read the record, denied the application, notified the defendant, allowing him time for filing a brief and none has been filed.

There was evidence of the following facts: On January 30, 1961, the defendant entered the Broadway-Washington branch of the Bank of America and expressed a desire to open a checking account. He presented a check for $350 drawn on

another branch of the Bank of America dated January 30, 1961, "Pay to the Order of Tony C. McCoy" and purportedly signed by one Norman Scott. The defendant endorsed the check, deposited $150 in the new account and received $200 back in cash. Dr. Norman Scott testified that while the check bore his account number and name he neither drew the check himself nor authorized anyone else to draw it nor was the signature in his handwriting; he did not know the defendant. Some two months prior to the incident in question someone had stolen this check, among other blank checks, from his desk.

On January 31, 1961, defendant returned to the bank and cashed a similar check for $250. Dr. Scott testified that this check was also unauthorized and was among blank checks stolen from his desk. The defendant admitted that he had endorsed and cashed both checks and was positively identified by the two bank tellers.

The defendant testified in his own behalf admitting having endorsed and cashed the checks but stating that the checks had been given to him by a person representing himself as Dr. Scott in payment for some work he had performed. He denied having written the signature of Dr. Scott on the instruments but was unable to state just who had written them.

The evidence above recited is sufficient to sustain a judgment of conviction of forgery. (*People* v. *Bartges,* 126 Cal.App.2d 763, 771 [273 P.2d 49]; *People* v. *Gutkowsky,* 100 Cal.App.2d 635, 639 [234 P.2d 95].)

In proceedings preceding trial, defendant was represented by the public defender but he refused to allow the public defender to represent him in the trial and chose instead to represent himself. The trial judge discussed the situation with the defendant at some length and then appointed two physicians to examine him and report back on his mental ability to defend himself. A continuance of one week was thereupon ordered. The record supports the implied finding of the court that the defendant was well able to conduct his own defense.

■■■ At the time the continuance was ordered, one of the witnesses present for the People was a Mr. Lewis, Chief Security Officer for the Diners' Club. Upon inquiry whether the witness would be available at the time of trial the court was informed by Mr. Lewis that he would not be present because he was going abroad on a tour. The court granted him leave to be absent. Mr. Lewis had testified in the preliminary hearing. His testimony related to attempts by the defendant to procure merchandise of the value of $393.07 from Joe

Dine and Harry Dine's Men's Shop. During the trial the court indicated that the testimony of Mr. Lewis given in the preliminary hearing should be read in evidence. The district attorney stated it would be necessary for him to prove that due diligence had been exercised to locate Mr. Lewis and that the efforts had been unavailing for the reason that Mr. Lewis was absent from the state. The court ruled that a sufficient showing had already been made by the statement of Mr. Lewis that he intended to go on a European tour. The district attorney insisted that the statement of Mr. Lewis was insufficient to prove his absence but the court ruled otherwise and would not permit any showing to be made that Mr. Lewis would not be present. The district attorney was compelled to acquiesce in the court's ruling and the testimony was read. At the time of this incident the district attorney stated that the testimony of Mr. Lewis was necessary in order to prove the charge of attempted grand theft in the third count of the information. This was true. The testimony was necessary in order to connect defendant with the offense. The court's ruling was in error.

Although the court has a broad discretion in ruling upon the sufficiency of the efforts made to locate a witness whose former testimony is sought to be placed in evidence, it is difficult for us to understand why the court refused to permit the district attorney to lay a proper foundation for the introduction of the testimony given in the preliminary hearing. It was an arbitrary ruling. The fact, alone, that one under subpoena as a witness states that he will be out of the state when the case comes on for trial should not be accepted as a sufficient showing that he was out of the state on the later date. The district attorney should have been permitted to proceed to make the showing which he apparently was prepared to make. However, the irregularity does not require a reversal of the conviction under Count III. Mr. Lewis had testified that for the Diners' Club he endeavored to deliver clothing of the value of $393.07 to a Miss Jensen as the holder of a credit card. The card had been lost. Miss Jensen had not ordered the merchandise. Defendant endeavored to obtain possession of the property from Mr. Lewis, asserting he was a representative of Miss Jensen. Officers observing defendant's actions placed him under arrest. Testifying in his own behalf, defendant related the incident as it had been described by Mr. Lewis. His testimony, with evidence of the proprietor of the store, was sufficient to prove the attempted

theft and defendant's guilt of the same. The error was harmless.

The evidence of defendant's guilt was conclusive. The trial was conducted without prejudicial error. The appeal is utterly groundless.

The judgment is affirmed.