[No. C060425. Third Dist. Apr. 22, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT JAY MATHERS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Roberta Lee Franklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NICHOLSON, Acting P. J.—A jury convicted defendant Robert Jay Mathers of possession of a forged completed check (Pen. Code, § 475, subd. (c)—count 1),[1] possession, passing, or attempting to pass a fictitious check (§ 476—count 2), second degree burglary (§ 459—count 3), writing a check with insufficient funds (§ 476a, subd. (a)—count 4), and resisting a

---

[1] Hereafter references to undesignated sections are to the Penal Code.

peace officer (§ 148, subd. (a)(1)—count 5). In a trial by court, defendant was found to have a prior strike conviction and to have served a prior prison term.

Sentenced to state prison for nine years four months, defendant appeals, contending (1) the evidence is insufficient to support the fictitious check conviction (count 2); (2) the court's instruction on prior uncharged conduct was prejudicial error; (3) the convictions for counts 1, 2, 3, and 4 must be reversed because the court failed to give a unanimity instruction; (4) cumulative instructional error resulted in prejudice; (5) the consecutive sentence imposed on count 2 should have been stayed pursuant to section 654; and (6) the consecutive sentence imposed for count 2 must be reversed because the facts relied upon by the court were not submitted to a jury and found true beyond a reasonable doubt. We agree with defendant that the evidence is insufficient to support his conviction for count 2, a conclusion which renders his fifth and sixth contentions moot. We reject his remaining contentions.

## FACTS

In November 2007, defendant opened a business account with North Valley Bank (NVB) in the name of Mathers Remodel and Maintenance. The initial deposit was $50 and no further deposits were made. In December 2007, the account was closed for insufficient funds. In January 2008, five checks, totaling over $1,800 and dated either January 11 or 18 and payable to various individuals, were drawn on the closed account. Pursuant to bank policy, notices were sent to the account holders that the checks were not being honored because of insufficient funds.

On or about April 26, 2008, by means of a computer program, defendant created three checks for his closed NVB account. Each check was numbered 1078. Two of the checks were payroll checks made payable to defendant and the third check was blank.

Although the record is not clear, also on or about April 26, 2008, a woman entered a Food Maxx store in Redding and tried to cash one of the payroll checks drawn on defendant's NVB account in the amount of $482.63. The store's manager informed the woman that the check could not be cashed because it had not been signed by the issuer. The women left but returned moments later with defendant who then signed the check. The manager "ran it in the computer" and the account came up "closed." The manager returned the check to defendant and told him the check could not be cashed because the account was closed. Defendant left the store.

About 9:00 p.m., on April 26, 2008, defendant returned to Food Maxx and attempted to cash the same check he had previously tried to cash. Based upon

the manager's prior determination that the account upon which the check was drawn was closed, he told an assistant to call the police and then attempted to delay defendant until the police arrived. After a short time, defendant departed, leaving the check at the store.

Officers responding to Food Maxx saw defendant, who matched the description of the suspect, walking from the store to a vehicle in the parking lot and ordered him to stop. Defendant ran but was caught and taken into custody. A search of defendant disclosed two checks, both bearing the number 1078, one of which was made out to defendant in the sum of $482.63, the same as the check he was attempting to cash at Food Maxx, and the second check was blank.

Defendant explained to the officers he had printed the checks on a computer, that he had made copies of the same check because he was trying to improve their quality, and that he had run because his girlfriend had told him he had "enemies that were looking to assault him." Unfortunately, defendant was unable to provide either an address or phone number for his girlfriend.

## DISCUSSION

### I

■ Defendant contends the evidence is insufficient to support his conviction on count 2, passing or possessing a fictitious check in violation of section 476, because the checks he possessed were not "fictitious." We agree.

Section 476 provides: "Every person who makes, passes, utters, or publishes, with intent to defraud any other person, or who, with the like intent, attempts to pass, utter, or publish, or who has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for payment of money or property of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery."

■ Although neither party has cited case authority directly on point, nor has our research disclosed any such cases, the matter is appropriately addressed by 2 Witkin and Epstein, California Criminal Law (3d ed. 2000) Crimes Against Property, section 150, page 182: "*Fictitious Check and Bad Check.* Issuing a check to defraud (P.C. 476a) is usually distinguishable from making or passing a fictitious or altered check (P.C. 476) in that the 'bad' check is a genuine instrument with the genuine signature of the drawer; it is merely uncollectible because of insufficient funds. . . . However, if the

defendant seeks to obtain funds by a check with a forged or fictitious drawer, both statutes are violated: The instrument is knowingly fictitious (P.C. 476), and the defendant obviously knows that he or she has no funds for its payment (P.C. 476a)." (Citation omitted.)

Here, the only evidence in dispute was defendant's intent to defraud when he possessed or attempted to pass the checks found on him which had been completed. The checks were drawn on a bank in existence, the NVB; they were signed by an existing person, defendant; and defendant had an account at the bank, albeit the account was closed. Had defendant's account not been closed and had the account contained sufficient funds, either of the completed checks was legally negotiable. The closing of defendant's account did not change the character of these checks, rather it simply rendered them uncollectible. Nor did proof of defendant's fraudulent intent, which the evidence overwhelmingly established, alter the character of the checks, but instead it rendered their possession illegal under sections 475, subdivision (c), and 476a, subdivision (a).

In sum, because the checks were genuine rather than fictitious, their utterance or possession, although prohibited by other statutes, was not prohibited by section 476.

The People's reliance on *People v. Gutkowsky* (1950) 100 Cal.App.2d 635 [224 P.2d 95], and *People v. Morelos* (2008) 168 Cal.App.4th 758 [85 Cal.Rptr.3d 741], for support of their position that the altered check was fictitious is misplaced because these cases are factually distinguishable from the instant circumstances. The checks in *Gutkowsky* were forged and the checks in *Morelos* were altered. (*People v. Gutkowsky, supra*, at pp. 637–639; *People v. Morelos, supra*, at pp. 765–766.) The checks at issue in the instant case were neither forged nor altered; hence, neither *Gutkowsky* nor *Morelos* is of any aid to the People.[2]

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2] Our determination that count 2 must be reversed and dismissed renders it unnecessary to consider defendant's remaining arguments insofar as they relate to count 2. Specifically, defendant's inclusion of count 2 in his arguments relating to his claims that the jury was improperly instructed on uncharged offenses, a unanimity instruction was required but not given, cumulative error resulted in prejudice, section 654 requires staying of the sentence imposed in count 2, and imposing a consecutive term for count 2 violated his constitutional right to have a jury determine factors used to impose this count.

*See footnote, *ante*, page 1464.

## DISPOSITION

The conviction and sentence for count 2, a violation of section 476, is reversed and dismissed. In all other respects the judgment is affirmed.

Robie, J., and Butz, J., concurred.