Filed 10/9/25  P. v. Eller CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C100839 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20222827) |
| v. | |
| MARC JAMES ELLER, | |
| Defendant and Appellant. | |

In 2015, defendant Marc James Eller was convicted of misdemeanor battery (Pen. Code, § 242)[1] and misdemeanor assault (§ 240) in California.  In 2024, he was convicted of unlawful possession of a firearm within 10 years of his misdemeanor convictions. (§ 29805, subd. (a)(1).)  On appeal, Eller challenges his unlawful possession conviction, arguing section 29805 violates his Second Amendment right to possess firearms, both

---

[1]  Undesignated statutory references are to the Penal Code.

1

facially and "as applied" to him and violates equal protection principles, because the law does not apply to those who have convictions for similar misdemeanors in other jurisdictions. We agree with Eller that, under the analytical framework announced by the United States Supreme Court in *New York State Rifle & Pistol Assn., Inc. v. Bruen* (2022) 597 U.S. 1 (*Bruen*), the People have failed to carry their burden to demonstrate that section 29805, as applied to him, is consistent with our country's historical tradition of firearm regulation. Therefore, we reverse Eller's conviction and decline to reach his other constitutional claims.

BACKGROUND

In 2015, Eller was convicted of misdemeanor battery and misdemeanor assault in Orange County. The record is silent regarding the underlying circumstances of those convictions. In 2022, a Yolo County prosecutor filed a criminal complaint alleging Eller committed multiple offenses, including a felony violation of section 29805 by possessing a firearm within 10 years of his 2015 misdemeanor convictions.[2] Eller filed a motion to dismiss the unlawful possession charge, contending application of the statute to him was impermissible under *Bruen* because his misdemeanor convictions "should not automatically divest him" of his Second Amendment rights.

At oral argument on the motion in September 2023, Eller maintained it was the prosecution's burden to demonstrate section 29805 is based upon a historical tradition of firearms regulation. After expressing disappointment with the absence of California case law on "as applied" Second Amendment challenges to firearm regulations, the trial court ruled from the bench and denied the motion, reasoning that post-*Bruen* California case law stands for the proposition that those who have committed crimes "can be restricted from owning firearms." And while the trial court acknowledged that Eller's situation

---

[2] Police found two firearms at Eller's residence.

2

"goes . . . one step further" than those cases that concerned felonious conduct, it determined that the distinction between a felony and a misdemeanor was immaterial in Eller's case because he still engaged in "serious conduct."

In 2024, Eller pled no contest to violating section 29805, subdivision (a)(1), with the understanding that he would be able to appeal the denial of his motion to dismiss the charge. Other pending charges were dismissed. After the trial court ordered probation for two years, Eller timely appealed after obtaining a certificate of probable cause from the trial court. Initial briefing in this matter completed in April 2025, and supplemental briefing completed in September 2025.

DISCUSSION

I

*Appealability Under Section 1237.5*

Under section 1237.5, which provides the procedure for the perfection of an appeal after a plea of guilty or no contest, the criminal defendant must file a written statement under oath or penalty of perjury showing "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5, subd. (a); *People v. Turner* (1985) 171 Cal.App.3d 116, 124.) "The trial court must then 'certify any arguably meritorious appeal' by issuing a certificate of probable cause for appeal. [Citation.] The section . . . is procedural rather than substantive; it does not operate to expand the issues which may be raised on appeal after" a plea of guilty or no contest. (*Turner*, at pp. 124-125, fn. omitted.)

Thus, even if a certificate of probable cause is obtained, a criminal defendant "will be precluded from raising issues which were waived" by the plea. (*Turner*, *supra*, 171 Cal.App.3d at p. 125.) While a plea of guilty or no contest "constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt" (*ibid.*), it does not bar a defendant from challenging "the power of the state to try him despite his guilt" (*id*. at p. 126). Thus, we ordered the parties to provide supplemental

3

briefing on the question whether all of Eller's claims are cognizable on appeal in light of his plea of no contest. Each of the parties agreed, as do we, that Eller's as-applied claim is cognizable on appeal, because like *Turner*, Eller is challenging the power of the state to prosecute him despite his guilt of the charged offense. (*Turner*, at pp. 124-128.)

II

*Legal Background*

A.    *Recent United States Supreme Court Case Law on the Second Amendment*

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." (U.S. Const., 2d Amend.)

In *District of Columbia v. Heller* (2008) 554 U.S. 570, the United States Supreme Court determined the Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home" (*id.* at p. 635), and struck down a District of Columbia law that banned the possession of handguns in the home (*ibid.* ["Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home"]). The court cautioned that nothing in *Heller* "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." (*Id*. at pp. 626-627.)

Later, the court held in *Bruen* that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense *outside* the home (*Bruen*, *supra*, 597 U.S. at p. 10), but cautioned that nothing in the opinion "should be interpreted to suggest the unconstitutionality of . . . licensing regimes" that "require applicants to undergo a background check or pass a firearms safety course," which regimes are apparently "designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens' " (*id.* at pp. 38-39 & fn. 9; see *McDonald v. Chicago*

4

(2010) 561 U.S. 742, 750, 791 [holding 2d Amend. "is fully applicable to the States" through the 14th Amend.]).

Bruen also clarified the test for adjudication of Second Amendment claims: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.' " (Bruen, supra, 597 U.S. at p. 24; see id. at p. 58 [New York officials "offer[ed] little evidence that authorities ever enforced" historical laws that ostensibly supported the constitutionality of the law challenged at bench, and the few identified examples amounted to "too slender a reed on which to hang a historical tradition of restricting the right to public carry"]; id. at 58, fn. 25 ["the burden rests with the government to establish the relevant tradition of regulation"].)

Most recently, in United States v. Rahimi (2024) 602 U.S. 680 (Rahimi), the court rejected a Second Amendment challenge to a federal statute that prohibits a person subject to a domestic violence restraining order from possessing a firearm. The court rejected the facial challenge (id. at p. 693), reasoning the statute "fits neatly within" our Nation's historical tradition, because it impacted people "found by a court to present a threat to others" (id. at p. 698; see id. at p. 693 ["From the earliest days of the common law, firearm regulations have included provisions barring people from misusing weapons to harm or menace others"]).[3]

---

[3] Though it highlighted aspects of the law that required *individualized* judicial findings, the court cautioned it was not "suggest[ing] that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." (Rahimi, supra, 602 U.S. at pp. 698-699.)

5

The court explained that when a court considers whether a challenged regulation is "consistent with the principles that underpin our regulatory tradition," it should ascertain whether the law is " 'relevantly similar' " or " 'analogous enough' " to laws that "our tradition is understood to permit." (*Rahimi*, *supra*, 602 U.S. at p. 692.) Thus, a law that "regulates arms-bearing for a permissible reason," still "may not be compatible with" the Second Amendment if the regulation "exten[ds] beyond what was done at the founding." (*Ibid.*)

B.      *Section 29805*

Section 29805 prohibits any person who has been convicted of certain misdemeanors in California from possessing a firearm within 10 years of the conviction.[4] More than 40 offenses are currently listed,[5] including assault (§ 240) and battery (§ 242). (§ 29805, subd. (a)(1).)

C.      *Assault and Battery in California*

Assault is the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) Battery is the "willful and unlawful use of force or violence upon the person of another." (§ 242.) Generic assault is a lesser

---

[4] Section 29800, subdivision (a)(1), prohibits any person who has been convicted of a *felony* anywhere in the world from ever possessing a firearm.

[5] Other misdemeanors that trigger the statute are attempting to dissuade a witness from giving testimony at any trial or proceeding (§ 136.1, subd. (a)(1)), bringing a knife with a blade longer than four inches into a local public building (§ 171b, subd. (a)(3)), inflicting corporal injury upon a cohabitant (§ 273.5, subd. (a)), and threatening to commit a crime that will result in great bodily injury to another person (§ 422, subd. (a)). Sections 136.1, 273.5, and 422 were not among the original offenses listed in the legislation that enacted the 10-year prohibition on firearm possession for certain misdemeanor convictions in California. (See Stats. 1990, ch. 9, § 1 [enacting former § 12021, subd. (c)].)

included offense of generic battery. (*People v. Colantuono* (1994) 7 Cal.4th 206, 216-217; *In re Ronnie N.* (1985) 174 Cal.App.3d 731, 734.)[6]

A light touch may constitute a battery. The "force" necessary under section 242 need not " 'cause bodily harm or even pain, and it need not leave any mark.' " (*People v. Rocha* (1971) 3 Cal.3d 893, 899 & fn. 12.) The "violence" necessary under section 242 is a " 'wrongful act committed by means of physical force . . . even' " when " 'only the feelings' " of a victim " 'are injured by the act.' " (*Ibid.*; see *People v. Hamilton* (2009) 45 Cal.4th 863, 934 [spitting]; cf. *People v. Grant* (2020) 57 Cal.App.5th 323, 325-326, fn. 2 [shoving].) Thus, the word " 'violence' " in the statute "has no real significance." (*People v. Mansfield* (1988) 200 Cal.App.3d 82, 87-88.)

D.  *Second Amendment Challenges by Misdemeanants to California's 10-Year Prohibition on Firearm Possession*

In *People v. Flores* (2008) 169 Cal.App.4th 568, the appellate court rejected a criminal defendant's Second Amendment challenge to former section 12021, subdivision (c)(1) (the predecessor to § 29805), where the relevant prior offense was assaulting another by means of force likely to produce great bodily injury (former § 245, subd. (a)(1)). The court determined that "[i]f, as *Heller* emphasizes, the Second Amendment permits the government to proscribe the possession of a firearm by any felon (including nonviolent offenders), we can see no principled argument that the government cannot also add *certain* misdemeanants, particularly those who have committed an assault by 'means of force likely to produce great bodily injury.' [Citation.] The public interest in prohibition on firearms possession is at its apex in circumstances, as here, where a statute

---

[6] Because battery is the greater offense and assault the lesser included offense, if the People cannot persuade us that section 29805 is permissible as to Eller's battery, it necessarily follows they cannot persuade us the statute is permissible as to Eller's assault conviction. Accordingly, and for the sake of readability, we discuss only Eller's battery conviction in the remainder of this opinion.

disarms persons who have proven unable to control violent criminal impulses." (*Flores*, at p. 575, italics added.)

In *People v. Delacy* (2011) 192 Cal.App.4th 1481 (*Delacy*), the majority opinion rejected a Second Amendment challenge to former section 12021, subdivision (c)(1), brought by a criminal defendant whose prior predicate offense was misdemeanor battery. (*Delacy*, at p. 1485.) The court disagreed with the defendant's "characterization of battery as a nonviolent offense," noting he "made no showing as to the nature or magnitude of the force he used in connection with" the offense, and citing *Flores* for the proposition that the government can "prohibit firearm possession by misdemeanants who have shown a propensity to commit violence against others." (*Delacy*, at p. 1492 & fn. 7.)

III

*Analysis of the As-applied Second Amendment Challenge*

Eller contends section 29805, subdivision (a)(1) is unconstitutional as applied to him because the People cannot carry their burden to show a historical tradition of banning people convicted of generic misdemeanor battery from possessing firearms. The People respond that California "may prohibit violent misdemeanants from possessing firearms" under *Bruen*. But despite their conclusory intimations to the contrary, the People have not demonstrated that Eller's 2015 battery offense was either a "violent" misdemeanor, or as the People also frame it, a "qualifying" misdemeanor that takes him "outside the Second Amendment's protection." Thus, the People do not persuade us that Eller's offense survives scrutiny under the test that they propose, thereby failing to carry their burden to demonstrate that section 29805, subdivision (a), as applied to Eller, is consistent with our country's historical tradition of firearm regulation.

The People offer no response to Eller's observation that generic battery in California can be based on a slight touch. Rather, they assert that Eller "and others regulated by section 29805" are "[v]iolent criminals" who "were never among 'the

8

people' whose rights the Second Amendment was designed to protect."  For support of this assertion, the People invoke the references to "law-abiding citizens" in *Heller* and *Bruen* and the reasoning of *Flores and Delacy*.

The assertion is flawed.  First, the suggestion that *anyone* with a conviction implicating section 29805 is necessarily a "violent criminal" is untenable.  The statute covers the misdemeanor offenses of wearing the uniform of a peace officer while engaged in "informational activities in a public place relating to a concerted refusal to work" (§ 830.95) and attempting to dissuade a witness from testifying at trial without the threat of force (§ 136.1).  The elements of those offenses do not require any kind of violence as the word is commonly understood:  "actions that are intended or likely to hurt people or cause damage."  (Cambridge Dict. Online (2025) <https://dictionary.cambridge.org/us/dictionary/english/violence> [as of Oct. 9, 2025] archived at <https://perma.cc/CU4K-XGND>.)[7]

Second, while California appellate courts disagree whether the Second Amendment protects the rights only of those who are law-abiding citizens,[8] the backdrop

---

[7]  In *People v. Wahidi* (2013) 222 Cal.App.4th 802, 809, the court ruled there was substantial evidence for a section 136.1 misdemeanor conviction where, on the day before a preliminary hearing regarding pending assault and vandalism charges, the criminal defendant approached the victim in a mosque, apologized to him, and suggested they resolve the case informally, "outside the court in a more Muslim manner family to family" (*Wahidi*, at pp. 804-805).

[8]  Compare *People v. Anderson* (2024) 104 Cal.App.5th 577, 588 (First App. Dist., Div. Three) [rejecting the contention that only law-abiding citizens are counted among " ' "the people" ' " protected by the Second Amendment] and *People v. Gomez* (2025) 110 Cal.App.5th 419, 438-439 (Sixth App. Dist.) [agreeing with *Anderson*] with *People v. Richardson* (2025) 108 Cal.App.5th 1203, 1212 (Second App. Dist., Div. Eight) [holding that "only 'law-abiding' citizens are among the class of people covered by the text of the Second Amendment" and citing *People v. Alexander* (2023) 91 Cal.App.5th 469 (Fourth App. Dist., Div. Two)].  In *United States v. Duarte* (9th Cir. 2025) 137 F.4th 743 (en banc), the Ninth Circuit adopted reasoning that is consistent with *Anderson* when it ruled

9

of this disagreement has always been *felonious* conduct by criminal defendants.[9]  The People cite no authority for the proposition the high court's references to "law-abiding" citizens necessarily exclude those who have committed any misdemeanor.[10]  (Cf. *Heller*, *supra*, 554 U.S. at pp. 626-627 ["longstanding prohibitions on the possession of firearms by *felons*" (italics added)]; *Medina v. Whitaker* (D.C. Cir. 2019) 913 F.3d 152, 158-160 ["felonies were—and remain—the most serious category of crime . . . reflect[ing] 'grave misjudgment and maladjustment,' " and "[w]hether a certain crime removes one from the category of 'law-abiding' in some cases, may be a close question"; "a misdemeanor arising from a fistfight—may be open to debate"].)

Third, the combined reasoning of *Flores* and *Delacy* does not compel rejection of Eller's as-applied challenge, because while certain misdemeanants, including those who have assaulted others by means of force likely to produce great bodily injury, may be prohibited from possessing firearms (*People v. Flores*, *supra*, 169 Cal.App.4th at p. 575), and while generic battery is not necessarily a "nonviolent offense" (*Delacy*, *supra*, 192 Cal.App.4th at p. 1492), the battery Eller committed *may* have been nonviolent (*People v. Mansfield*, *supra*, 200 Cal.App.3d at pp. 87-88).  Since the People have the burden to establish the relevant tradition of firearm regulation as applied to Eller's section 29805 conviction, the silent record regarding the nature of the force that Eller used in connection with his battery offense is determinative.  (Cf. *Range v. AG United States*

---

that felons are not categorically "outside the ambit of the Second Amendment."  (*United States v. Duarte*, at pp. 754-755.)

[9]  See *People v. Anderson*, *supra*, 104 Cal.App.5th at p. 583; *People v. Gomez*, *supra*, 110 Cal.App.5th at p. 436; *People v. Richardson*, *supra*, 108 Cal.App.5th at p. 1207; *People v. Alexander*, *supra*, 91 Cal.App.5th at pp. 473-474.

[10]  We emphasize that we need not and do not decide that question here, given the People's failure to persuade us that Eller's battery conviction is "violent" and therefore a "qualifying" offense under the Second Amendment analysis that the People propose.

(3rd. Cir. 2024) 124 F.4th 218, 228, 223, 232, (en banc) [ruling the government did not carry its burden to demonstrate that application of a federal firearm regulation to a man challenging the law was consistent with the Nation's historical tradition of firearm regulation, in part because "[m]ore than two decades after he was convicted" of a crime that was "classified as a Pennsylvania misdemeanor punishable by up to five years' imprisonment," the record contained "no evidence that [he] pose[d] a physical danger to others"].)

Such a result may seem counterintuitive at first glance, due to the general presumption of constitutionality afforded to legislative enactments and because the party challenging the constitutionality of a law typically has the burden of persuasion. (*Powell v. County of Humboldt* (2014) 222 Cal.App.4th 1424, 1445-1446.) But that is not the case here, because in the context of a challenge to a firearm regulation that applies to conduct that the text of the Second Amendment covers, the presumption of constitutionality applies to the conduct, and the government must justify the law. (See *Bruen*, *supra*, 597 U.S. at p. 24 ["When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation"].) Thus, to the extent footnote 7 of *Delacy* suggests that the burden to establish the nature of force used in connection with a generic misdemeanor battery offense in California lies with an individual bringing an "as applied" Second Amendment challenge to section 29805, *Bruen* indicates the opposite is true—the burden lies with the government. (Compare *Delacy*, *supra*, 192 Cal.App.4th at p. 1492, fn. 7 with *Bruen*, *supra*, 597 U.S. at pp. 24, 33-34, 38-39, 58 & fn. 25.)

11

A.     *Other Unpersuasive Arguments by the People*

The People contend that the majority opinion's caution in *Bruen* that its analysis should not be interpreted to suggest the unconstitutionality of mandatory background checks as a condition of carrying firearms in public (see *Bruen*, *supra*, 597 U.S. at pp. 38-39, fn. 9) supports the proposition that states may prohibit violent misdemeanants from possessing firearms.  This is so, the People seem to argue, because "[t]he purpose of background checks is to determine whether a person is 'prohibited by state or federal law from possessing . . . a firearm.'  (§ 28220, subd. (c).)"  This argument is not persuasive.  An established *process* to verify eligibility to possess a firearm is quite distinct from the *substantive* legislative policy decision to prohibit someone from possessing firearms.

The People assert *Bruen* offers assurances "that the Second Amendment does not call into question many sensible firearms restrictions."  That is not accurate.  *Bruen* emphasized that in attempting to justify its firearm regulations, "the government may not simply posit that the regulation promotes an important interest.  Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation."  (*Bruen*, *supra*, 597 U.S. at p. 17.)

Also unpersuasive is the People's argument that case-by-case judicial consideration of "as applied" Second Amendment challenges to section 29805 would be "unsound in principle and unworkable in practice," posing "serious problems of judicial administration."  The People provide no reasoning in support of this argument and they cite no authority for it.  Accordingly, we deem the argument forfeited.  (See *People v. Stanley* (1995) 10 Cal.4th 764, 793  [" '[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration' "]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"]; cf. *People v. Tillman*

12

(2000) 22 Cal.4th 300, 302-303 [the People may forfeit argument on appeal by failing to raise the argument in the trial court].)

If we were to consider the merits of the argument, we would find it lacks merit. First, the California Legislature has *already* decided that some individualized challenges to section 29805's 10-year prohibition on firearm possession are desirable. For example, a peace officer who has been convicted of, inter alia, misdemeanor domestic violence (§ 273.5) or misdemeanor stalking (§ 646.9), and "whose employment or livelihood is dependent on the ability to legally possess a firearm," may file a petition in the superior court seeking elimination of section 29805's prohibition (§ 29855, subd. (a)). If the superior court makes certain threshold findings, including that the petitioner "is likely to use a firearm in a safe and lawful manner," it may reduce or eliminate the prohibition. (§ 29855, subd. (d).) Similarly, someone who is not a peace officer is eligible for relief from the 10-year prohibition if the person suffered the conviction that triggers section 29805 "prior to that offense being added to section 29805" and demonstrates, inter alia, a likelihood of future safe and lawful use of a firearm. (§ 29860, subds. (a), (d).)

Second, "as applied" challenges are generally preferable to facial ones. (See *People v. Superior Court* (*J.C. Penny Corp., Inc.*) (2019) 34 Cal.App.5th 376, 387 [facial challenges to statutes are " 'disfavored' " because " 'they often rest on speculation' "]; *United States v. Lesh* (10th Cir. 2024) 107 F.4th 1239, 1246, fn. 9 [while " 'the occasional case requires us to entertain a facial challenge in order to vindicate a party's right not to be bound by an unconstitutional statute, we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants.') (quoting *United States v. Nat'l Treasury Emps. Union* (1995) 513 U.S. 454, 477-78)"]; *In re Eduardo C.* (2001) 90 Cal.App.4th 937, 940 ["We conclude that we need not address the constitutional issues because appellant has also raised an 'as applied' challenge to" the statute "which is dispositive"].)

13

Finally, courts today are sometimes required to engage in detailed individualized inquiries regarding the circumstances of underlying prior criminal convictions. (Cf. *People v. Hiller* (2023) 91 Cal.App.5th 335, 345-348 [in three strikes sentencing case, if the fact of conviction does not prove an offense was a qualifying felony, admissible evidence from the record of conviction may be examined to resolve the issue]; *Rahimi*, *supra*, 602 U.S. at p. 692 ["Discerning and developing the law in this way is 'a commonplace task for any lawyer or judge' "].) As such, trial courts are familiar with and capable of making case-by-case determinations of whether a misdemeanor assault and/or battery conviction comes within the *Bruen* rubric for prohibition.[11] Accordingly, Eller's section 29805 conviction must be reversed.

---

[11] We acknowledge the practical problems that this may pose in some cases. We are cognizant, for example, that in misdemeanor prosecutions that resolve short of trial, the parties often stipulate to a factual basis such that establishing the nature of force used in a section 242 conviction may prove challenging when litigating whether a particular misdemeanant's conviction comes within the category of offenders who may be prohibited from possessing a firearm. But this and other potential practical problems do not convince us that the People's conclusory assertions of "serious problems of judicial administration" must override our duty to apply the framework articulated by the United States Supreme Court, which sometimes places the burden of persuasion on the government when a firearm restriction is challenged on Second Amendment grounds. (Cf. *Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 682 ["[p]resumptions affecting the burden of proof are established to implement policy concerns"].)

B.    *Eller's Remaining Contentions*

Our resolution of Eller's "as applied" challenge to his section 29805 conviction makes it unnecessary to consider his other claims.  (*In re Eduardo C.*, *supra*, 90 Cal.App.4th at p. 940; *People v. Mathers* (2010) 183 Cal.App.4th 1464, 1468, fn. 2.)

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings.


        /s/
BOULWARE EURIE, J.


I concur:


        /s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

ROBIE, Acting P. J., Concurring and Dissenting.

Defendant Marc James Eller pled no contest to felony unlawful possession of a firearm within 10 years of being convicted of misdemeanor battery and assault. On appeal from that no contest plea, defendant asserts his felony unlawful possession conviction violates the Second Amendment to the United States Constitution both on its face and as applied to his particular facts. The majority addresses only defendant's as-applied challenge. (Maj. opn., *ante*, at pp. 8-11, 14-15.) In doing so, it holds that, despite defendant admitting he committed conduct sufficient to sustain a felony conviction for unlawful possession (*id*. at pp. 3-4), the prosecution did not prove defendant's misdemeanor battery and assault convictions were violent enough under the Second Amendment to support the felony conviction (maj. opn., at pp. 10-11). Given that defendant's no contest plea forecloses any attack on the sufficiency of the evidence supporting his conviction (see *People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957), I cannot agree with the majority's conclusion.

Instead, I would conclude defendant's as-applied challenge is not cognizable under Penal Code section 1237.5 because it does not implicate the legality of the proceedings. An issue going to the legality of the proceedings challenges "the power of the state to try [a defendant] despite his guilt." (*People v. Turner* (1985) 171 Cal.App.3d 116, 124-128.) The level of violence used to commit a misdemeanor offense underlying a felony unlawful possession charge does not determine whether the prosecution can try that defendant, but whether the prosecution can secure a conviction after an evidentiary showing. Indeed, the majority's holding still permits misdemeanor assault and battery convictions to serve as the basis for a felony unlawful possession charge.

Conversely, defendant's facial constitutional challenge goes to the legality of the proceedings because a facial challenge does not depend on the particular facts of the offense and, if successful, would preclude the prosecution from trying any defendant for felony unlawful possession when based on a prior misdemeanor conviction. I believe,

1

however, that *People v. Delacy* (2011) 192 Cal.App.4th 1481, 1485 properly disposed of that facial challenge.

Since defendant's plea was taken with the misunderstanding he could make an as-applied appellate challenge (see *People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361 [trial court's cannot expand a defendant's appellate rights beyond what is promised by statute]), the proper remedy is to reverse the judgment and provide defendant with an opportunity to withdraw his plea (*People v. Truman* (1992) 6 Cal.App.4th 1816, 1820-1821, 1828).  This way, the prosecution can present evidence demonstrating the circumstances of defendant's misdemeanor convictions in an effort to meet its burden.

Accordingly, I concur that defendant's case must be reversed and remanded for further proceedings but respectfully dissent from the conclusion that defendant has demonstrated an as-applied constitutional violation.


                                                       /s/
                                       ROBIE, Acting P. J.

2